IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVON ANTHONY BROWN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 16-980-RGA |
| | : |
| STATE OF DELAWARE, et al., | : |
| | : |
| Defendants. | : |

Devon Anthony Brown, Wilmington, Delaware. Pro Se Plaintiff.

## **MEMORANDUM OPINION**

November 22, 2016
Wilmington, Delaware

*Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Devon Anthony Brown filed this action on October 21, 2016. He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 4). On October 31, 2016, Plaintiff filed a motion to amend the complaint to name the proper defendants. (D.I. 5). The Court will grant the motion. The Court proceeds to review and screen the complaint and its amendment pursuant to 28 U.S.C. § 1915(e)(2). (*See* D.I. 1).

## INTRODUCTION

Plaintiff commenced this suit against Defendants State of Delaware (named in the case caption), Delaware Department of Correction, Superior Court of the State of Delaware in and for New Castle County, Delaware Office of the Public Defender, and Delaware State Police. Plaintiff alleges that "over the past twenty years State of Delaware criminal histories have included criminal convictions that in reality do not exist" (D.I. 2 at 4), and that criminal histories include false entries. Plaintiff alleges that, on numerous occasions, the State of Delaware (including the Delaware Department of Correction, the Office of the Public Defender, Delaware State Police, and Delaware Supreme Court) was made aware of the problem.

Plaintiff alleges that the State's refusal to address and to correct false entries in criminal histories and court dockets has caused him substantial hardship and caused him to receive harsher penalties and longer prison sentences. In addition, the fraudulent entries contributed to 30 police stops over a 15-year period and made it difficult to, if not impossible, for Plaintiff to find and maintain employment. Plaintiff seeks declaratory and injunctive relief as well as compensatory damages.

1

## DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Defendants include the State of Delaware and its agencies or departments. The Department of Correction, the Office of the Public Defender, and the State Police are agencies of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In addition, the Superior Court is a state entity and, thus, also immune from suit. See

3

*Benn v. First Judicial Dist. of Pa.* 426 F.3d 233, 239-40 (3d Cir. 2005) (concluding

Pennsylvania's First Judicial District is a state entity entitled to Eleventh Amendment

immunity). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in

federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d

23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not

waived its immunity from suit in federal court; although Congress can abrogate a state's

sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See*

*Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007).

Accordingly, the Court will dismiss the complaint as Defendants are immune from

suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The Court finds amendment futile.

## CONCLUSION

For the above reasons, the Court will: (1) grant Plaintiff's motion to amend (D.I.

5); and (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as

Defendants are immune from suit.

An appropriate order will be entered.

4